## Brown v. Brown.

(Decided May 10, 1927.)

### Appeal from Caldwell Circuit Court.

1. Witnesses.—Wife may testify in her action for divorce on ground of cruel and inhuman treatment, as permitted in divorce suit by Civil Code of Practice, section 606, subsection 1, as amended by Laws 1912, c. 104, notwihtstanding it appears she has been divorced from former husband, and is therefore not entitled to divorce, under Ky. Stats., section 2118, prohibiting second divorce.

2. Witnesses.—Civil Code of Practice, section 606, subsection 1, as amended by Laws 1912, c. 104, permitting wife to testify against husband in action for divorce on ground of cruelty, should be liberally construed.

3. Divorce.—In wife's suit against husband for divorce, Court of Appeals allowed wife $20 per month for support of herself and child, where husband earned $125 per month and he was paying $65 to former wife and children, and affirmed allowance of $75 to attorney.

J. ELLIOTT BAKER for appellant.

R. W. LISANBY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Nellie Brown brought this action against her husband, Elliott Brown, for divorce and alimony on the ground of cruel and inhuman treatment. By an amended petition she sought an allowance for the support of their infant child, born after the action was

begun. The allegations of the petition were controverted, proof was taken, and on final hearing the circuit court allowed the plaintiff $7.50 a month for the support of the child and an attorney's fee of $75, dismissed the action for divorce, and declined to make her any allowance for her own support. She appeals.

On a motion for a temporary allowance, pending the appeal, this court considered the record fully and made an allowance to the wife of $12.50 a month, beginning March 1, 1927, in addition to the allowance of $7.50 a month already made for the maintenance of the child. The action of the circuit court in refusing to grant the plaintiff a divorce was correct, for it was shown in the action that she had been granted a divorce by the judgment of the court from her former husband before she was married to Elliott Brown, and section 2118, Ky. Stats., provides that there shall not be granted to any person more than one divorce, except for a cause not material here.

It is insisted that the only proof of cruel and inhuman treatment is the testimony of the wife and that this cannot be considered. By an amendment (Laws 1912, c. 104) to subsection 1 of section 606 of the Civil Code, it is provided that the wife may testify against her husband "in an action for divorce," where the grounds of divorce are, as here, cruel and inhuman treatment. This is none the less an action for divorce, although the defendant during the progress of the action showed that the plaintiff was not entitled to a divorce. The statute should be liberally construed. Its purpose was to enable the mistreated wife to obtain justice in this class of cases, and the testimony of the wife may be considered on the question of alimony, although no divorce under the statute may be granted.

The husband is paying $65 a month to his former wife and children for their support. He is a mechanic by trade, with little or no property. His personal earnings are probably $125 a month. The amount allowed the appellant temporarily by this court is $20 a month. This makes, with the former allowance, $85 a month, and leaves him only $40 a month for his support, the costs herein, and all incidental expenses. On the whole case, the court reaches the conclusion that no more should be allowed on the present showing and present conditions, and that the allowance of $20 a month should stand for the present, as heretofore fixed by the court. The allow-

ance to the attorney is as large as should be made under the circumstances On the return of the case, a judgment will be entered as above indicated. From a reading of the record, it would seem that the trouble between these parties grew out of mutual misunderstanding. Each was jealous of the other, apparently without cause. The wife was in the nervous condition often occurring before a woman's first child is born. The husband may not have been as considerate as he should have been. The wife may not have been at all times reasonable, but on the whole case there seems no reason why this estrangement should be permanent.

Judgment reversed, and cause remanded for a judgment as above indicated.